**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baltazar Eduardo Barrera, | No. CV-12-2278-PHX-BSB |
| Plaintiff, | |
| vs. | **SCHEDULING ORDER** |
| US Airways Group Incorporated et al., | |
| Defendants. | |

On June 17, 2013, the Court held a Scheduling Conference pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Joint Case Management Report. Plaintiff asserts claims related to overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (FLSA), and seeks certification as a collective action under § 216(b) of that Act. Defendant asserts that Plaintiff is subject to the carrier by air exemption under § 213(b)(3) to the FLSA overtime requirements.

The parties proposed phased scheduling orders. Plaintiff proposed that the parties immediately brief the issue of conditional class certification, followed by discovery limited to final certification issues, and briefing on final certification. Defendant proposed expedited discovery limited to Plaintiff's job duties to be followed by briefing on a summary judgment motion on the carrier by air exemption. Because of statute of limitations concerns for potential plaintiffs, the Court orders that the parties first brief the issue of preliminary or conditional class certification. The parties may commence discovery while they are briefing the issue of

conditional certification and discovery is not limited to class certification issues. After ruling on conditional certification, the Court will set a second scheduling conference to determine the deadlines for the remainder of the case. Therefore, on the basis of the Scheduling Conference and the Joint Case Management Report,

**IT IS ORDERED:**

1. <u>Briefing on Conditional Class Certification</u>. Plaintiff shall file a motion for preliminary or conditional class certification of this matter as a collective action by **June 21, 2013**. Defendant shall file its response in opposition to that motion by **July 12, 2013**. Plaintiff shall file any reply by **July 26, 2013**.

   a. The parties' briefing must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure, including LRCiv 7.1 and LRCiv 7.2.

   b. The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to LRCiv 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

2. <u>Deadline for Initial Disclosures</u>. As agreed by the parties in the Joint Case Management Report, initial disclosure required by Federal Rule of Civil Procedure 26(a), if not already exchanged, shall be exchanged no later than **July 1, 2013**. The parties must file with the Clerk of Court a Notice of Initial Disclosure, rather than copies of the actual disclosures.

3. <u>Discovery Limitations</u>. Depositions in this case are limited to seven hours each as provided in Federal Rule of Civil Procedure 30(d)(1). The number of depositions and interrogatories are governed by the limits in Federal Rules of Civil Procedure 30 and 33. Therefore, each party is limited to 10 depositions and 25 interrogatories, including subparts. The procedures for requests for admissions and requests for production in Federal Rules of Civil Procedure 34 and 36 are modified to limit each party to 40 requests for production of documents, including subparts, and 40 requests for admissions, including subparts. The limitations in this paragraph may be increased by mutual agreement of the parties.

4.	Discovery Disputes.

a.	The parties may not file written discovery motions without leave of Court.[1] If a discovery dispute arises, the parties must promptly contact the Court to request a telephonic conference concerning the dispute. The Court will seek to resolve the dispute during the telephonic conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if necessary.

b.	Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j). Any briefing ordered by the Court must also comply with LRCiv 7.2(j).

5.	The Deadlines Are Firm. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

DATED this 17th day of June, 2013.

_____
Bridget S. Bade
United States Magistrate Judge

---

[1] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered "correspondence" with attachments.

- 3 -