1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF ARIZONA

8
9

Baltazar Eduardo Barrera,

No. CV-12-02278-PHX-BSB

10

Plaintiff,

**ORDER**

11

v.

12

US Airways Group Incorporated, et al.,

13

Defendants.

14
15

Plaintiffs have filed a Motion for Approval of Collective Action Settlement

16

Agreement and Dismissal with Prejudice.  (Doc. 69.)  They seek an order approving the

17

Collective Action Settlement and Release Agreement (the Settlement Agreement) and

18

dismissing this action with prejudice.[1]

19

**I.      Background**

20

On October 24, 2012, Plaintiff Baltazar Eduardo Barrera filed a Complaint

21

alleging that his former employer, US Airways, Inc. (Defendant or US Airways) violated

22

the Fair Labor Standards Act (the FLSA) by failing to pay him overtime wages for hours

23

worked in excess of forty hours in a workweek.  (Doc. 1.)  On June 17, 2013, Plaintiff

24

Barrera filed a Motion for Preliminary Collective Action Certification and Court

25

Supervised Notice of Pending Collective Action.  (Doc. 39.)  On August 30, 2013, the

26

27

28

---

[1]  Plaintiffs attached the Settlement Agreement to the Motion for Approval as Exhibit A.  (Doc. 69, Ex. A.)  The Settlement Agreement has three attachments, which Plaintiffs labeled Exhibits A, B, and C. To avoid confusion, the Court refers to the Settlement Agreement by title and refers to the exhibits to the Settlement Agreement as Exhibits A, B, and C.

1    Court issued an order conditionally certifying the collective action.  (Doc. 55.)  The Court
2    also approved the notice and consent forms (the Notice) to be mailed to the potential
3    members of the collective action (the potential Class Members), with the changes noted
4    in the August 30, 2013 Order, and directed that the Notice be sent by September 2, 2013.
5    (*Id.* at 13-17; Docs. 60, 61.)   The Notice informed potential Class Members that they
6    could join the lawsuit by executing the Consent to Sue Form (consent form) included
7    with the Notice.  (Doc. 60 at 1-2.)  The Notice also advised potential Class Members that
8    if they joined the lawsuit, they would be "bound by any settlement or final judgment of
9    the Court."  (*Id.* at 3.)

10       Before the Court had either conditionally approved the collective action or
11   approved the Notice to be sent to potential Class Members, on November 9, 2012 and
12   January 21, 2013, Plaintiff Barrera's counsel filed forms entitled "Consent to Opt-Into
13   Collective Action" signed by Donald Vitale and Susan J. Jovanovic.  (Docs. 5, 20.)  In
14   October 2013, after the Court had conditionally approved the collective action and the
15   Notice, Heather Hochstedler, Lowell Dean, and Larry Phillips submitted forms entitled
16   "Consent to be a Party Plaintiff and Opt-in to Lawsuit."[2]  (Docs. 63, 64, 65.)  All of these
17   consent forms indicate that the person executing the form agreed to be bound by a
18   settlement of this lawsuit.  (Docs. 5, 2, 63, 64, 65.)

19       The docket reflects that the parties have engaged in discovery in this matter.
20   (Docs. 43, 58, and 69 at 2.)  Additionally, the parties advise the Court that, on November
21   19, 2013, Plaintiffs deposed a senior manager of US Airways' security department, and
22   that, on separate occasions, Defendant deposed three Plaintiffs.  (Doc. 69 at 2.)  The
23   parties advise the Court that they have negotiated a Settlement Agreement and seek the
24   Court's approval of that agreement to resolve all claims and this litigation.  (*Id.*)

25
26
27
_____

28       [2]  The Court refers to Barrera, Vitale, Jovanovic, Hochstedler, Dean, and Phillips
collectively as Plaintiffs.

## II.    Motion to Approve Settlement Agreement and Dismiss Claims

The FLSA provides that an employee shall receive overtime wages "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA further provides that any employer who violates the overtime wage provision shall be liable to the affected employee in the amount of unpaid overtime wages and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). "FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

Ordinarily, this Court does not rule on private settlements negotiated between parties. However, because Plaintiffs filed an FLSA action against Defendant, the parties must seek approval of their stipulated settlement to ensure the enforceability of the Settlement Agreement. *See Lynn's Food Stores*, 679 F.2d at 1352-53; *Thornton v. Solutionone Cleaning Concepts, Inc*., 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007). The court "may approve a settlement if it reflects a 'reasonable compromise over issues.'" *Hand v. Dionex Corp.*, 2007 WL 3383601, at *1 (D. Ariz. Nov.13, 2007) (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

The Court has reviewed the proposed Settlement Agreement (Doc. 69, Settlement Agreement), and finds that it reflects a fair and reasonable resolution of issues. Defendant has contested liability under the FLSA. (Doc. 69 at 2.) There are genuine disputes as to whether Plaintiffs worked overtime and whether they were exempt employees. (*See* Doc. 21.) The settlement payments directly relate to each Plaintiff's length of employment and hourly wage. (Doc. 69 at 4-5 and Settlement Agreement at 12.) The Settlement Agreement does not appear to be a product of collusion between the parties, nor does it appear to be the result of fraud or overreaching on the part of Defendant. Accordingly, it appears that the Settlement Agreement should be approved

"as a fair and reasonable compromise of a bona fide dispute under the FLSA."  *Prater*, 2008 WL 5140045, at *2; *see Hand*, 2007 WL 3383601, at *1.

However, the Court declines to approve the Settlement Agreement because it is unclear whether each of the six Plaintiffs has consented to that agreement.  As an exhibit to the Settlement Agreement, Plaintiffs have submitted an unsigned form entitled "Consent to Collective Action Settlement."  (Doc. 69, Settlement Agreement at Ex. C.) However, they have not submitted evidence indicating that the six members of the collective action have signed this consent form.

Instead, the parties rely on Exhibit A to the Settlement Agreement to support their statement that "all parties have agreed to settle their differences."  (Doc. 69 at 3 (citing Settlement Agreement at Ex. A) .)  Exhibit A lists the names of the six Plaintiffs and next to each name lists the "Date Consent Executed."  (Doc. 69, Settlement Agreement at Ex. A.)  However, this exhibit refers to the date each Plaintiff executed the consent to opt into the lawsuit, not the date they executed the "Consent to Class Action Settlement," identified as Exhibit C to the Settlement Agreement.  (Doc. 69, Settlement Agreement at Ex. C.)  Although the consent forms that Plaintiffs executed to opt into the collective action indicate that the person executing the form would be bound by any settlement, in an abundance of caution, the Court declines to approve the Settlement Agreement absent clear evidence that each of the Plaintiffs has approved the existing Settlement Agreement.

Additionally, the Settlement Agreement contemplates that a "hearing" will be held on the "Motion for Approval" and that the Plaintiffs could file written objections to the Settlement Agreement "no later than five (5) days prior to that hearing."  (Doc. 69, Settlement Agreement at 11.)  There is no evidence in the record regarding whether any Plaintiff has objected to the Settlement Agreement.

Additionally, the Settlement Agreement provides that "Collective Action Counsel will apply to the Court for an award of attorneys' fees, costs, and expenses, in an amount up to, but not more than . . . []$9,787.12[] to be paid out of the GSV (Gross Settlement Value)."  (Doc. 69, Settlement Agreement at 9.)  However, Plaintiffs' counsel has not

provided information regarding the reasonableness of the attorneys' fees requested, such as the time and labor required by counsel, the skill required to perform the legal services, the customary fee charged in this type of case, and the other factors identified in the Local Rules as relevant to the Court's determination of the reasonableness of requested attorneys' fees.  *See* LRCiv. 54.2(c)(3).  To help the Court assess whether an amount of up to $9,787.12 is a reasonable amount of attorneys' fees, and thus whether the Settlement Agreement is fair and reasonable, Plaintiffs' counsel must file a motion for an award of attorneys' fees.

Accordingly, the Court sets this matter for an approval hearing on **June 25, 2014 at 9:30 a.m.** to determine whether each of the six Plaintiffs approve of the terms of the Settlement Agreement.  Alternatively, as soon as practicable the parties may file evidence of that approval and request that the Court vacate the hearing.  Additionally, by **May 23, 2014** Plaintiffs' counsel must file a motion for attorneys' fees addressing the reasonableness of the attorneys' fees requested in the Settlement Agreement.

Accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion for Approval of Collective Action Settlement Agreement and Dismissal with Prejudice (Doc. 69) is held in abeyance.

**IT IS FURTHER ORDERED** that this matter is set for an approval hearing on **June 25, 2014 at 9:30 a.m.** before Magistrate Judge Bridget S. Bade, Courtroom 501, Sandra Day O'Connor U.S. Courthouse, Phoenix, Arizona, to determine whether the six Plaintiffs have approved the Settlement Agreement.

**IT IS FURTHER ORDERED** that on or before **May 23, 2014** Plaintiffs' counsel must file a motion addressing the reasonableness of the attorneys' fees requested in the Settlement Agreement in accordance with LRCiv 54.2(c)(3).

///

///

///

1         **IT IS FURTHER ORDERED** that as soon as practicable, but no later than **June**

2   **11, 2014**, Plaintiffs may file proof (such as executed Consent to Collective Action

3   Settlement Forms) that the six

4   Plaintiffs have consented to the Settlement Agreement and request that the Court vacate

5   the hearing.  Plaintiffs may seek leave to file the consent forms under seal.

6         Dated this 8th day of May, 2014.

7

8   _____

9   Bridget S. Bade
    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28