**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

"TREY" A.R. DAYES III
Arizona Bar No. 020805
treyd@phillipslaw.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Baltazar Eduardo Barrera, on his own behalf and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>US Airways, Inc., a Delaware corporation,<br>Defendant. | Case No.: CV-12-02278-PHX-BSB<br><br>**MOTION FOR APPROVAL OF ATTORNEY'S FEES** |

On May 8, 2014 this Court denied Plaintiffs' motion for approval of the settlement reached in this matter, partly to determine the reasonableness of attorney's fees. Plaintiffs provide the following memorandum and affidavit of Trey Dayes and move the Court to approve attorney's fees and costs in this matter in the amount of $9,781.12 which represents $2,637.70 in costs and $7,143.42 in fees.

As set forth below, Plaintiffs' request is fully supported by the factors that courts consider in determining the reasonableness of attorneys' fee awards in such cases. Moreover, public policy promotes approval of reasonable fee requests since "[t]he function of an award of attorney's fees is to encourage the bringing of meritorious ... claims which might otherwise be

abandoned because of the financial imperatives surrounding the hiring of competent counsel."[1]

For these reasons, Counsel respectfully requests that its fee request be granted.

## I. The fee requested is supported by the factors courts consider in approving fees

"Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" [2] Where counsel seek fees from a common fund, courts have discretion to use one of two methods to determine whether the request is reasonable: "percentage-of-the-fund" or "lodestar/multiplier."[3] "Though courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result."[4]

Given the excellent result achieved for the Settlement Class, the lodestar method should be applied here. Class Counsel seek an award of $9,781.12 from common fund. To date, Class Counsel's actual fees exceed $46,235, which is well over the fee award requested here. That figure is the hourly rate, without multiplying by a lodestar factor.

As set forth in the following, Class Counsel's requested fee award reflects substantial and necessary work performed on behalf of Plaintiffs and the Class and are based on reasonable rates.

---

[1] *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (internal quotation marks and citations omitted).
[2] *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir 2003) (quoting Fed. R. Civ. P. 23(e)).
[3] *Id.* at 963–64; *see also In re Mercury Interactive Corp.,* 618 F.3d 988, 992 (9th Cir. 2010); *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998).
[4] *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

As highlighted by the affidavit of undersigned, Class Counsel diligently and efficiently investigated Plaintiffs' claims, drafted the complaint, interviewed witnesses, reviewed and analyzed documents produced, engaged in substantial motion practice, including briefing class certification and a motion to dismiss. Class Counsel have expended more than 230 hours to date prosecuting this litigation. Multiplied by their current hourly rates, Class Counsel have accrued a fee of more than $46,235. All of the hours expended by counsel and expenses incurred in this litigation were required to diligently investigate and litigate the claims of Plaintiffs and the Settlement Class.

The fee calculations of Class Counsel are based on reasonable hourly rates. Class Counsel set their rates for attorneys and staff members based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in the markets where legal services are typically performed; and the experience, reputation and ability of the attorneys and staff members. The rates charged for attorneys and staff members working on this matter range from $125.00 to $325.00, with the majority of the work performed by Mr. Dayes at an hourly rate of $325.00 and Mr. Abujbarah at an hourly rate of $125.00.

In light of the detailed breakdown provided by counsel in his declaration, and the arguments offered above, Class Counsel submit that their fee calculations are based on reasonable rates.

Courts in the Ninth Circuit have articulated several factors which may be relevant to the district court's evaluation of the reasonableness of a fee request. These include (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the

contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.[5]

## II. The results achieved support the fee request

The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award.[6] In this case, the negotiated Settlement will provide each Class/Collective Member with compensation in a greater amount than the maximum overtime owed that was calculated for each Plaintiff.

Counsel received pay and time records for each Plaintiff. Based on those records, overtime damages for each Plaintiff were calculated. Plaintiffs Hochstedler, Phillips, and Dean had minimal overtime during the period. Plaintiff Jovanovic was owed $1,856.44 in potential unpaid overtime. Vitale $922.89 and Barrera $886.82. Each Plaintiff will receive more than their alleged overtime wages owed.

## III. The risk of litigation supports the fee request

Although the matter came to a resolution, this is not a case where recovery of a substantial settlement and attorneys' fees was a foregone conclusion.[7] As noted in detail above, Class Counsel evaluated the risks inherent in the litigation such as the potential RLA exemption. Had this case proceeded to trial, unsettled legal issues related to liability and damages would have been hotly contested and likely appealed. The risk that further litigation

---

[5] *McPhail v. First Command Fin. Planning, Inc.,* 2009 U.S. Dist. LEXIS 26544, *21 (S.D. Cal. Mar. 30, 2009) (*citing In re Omnivision Technologies, Inc.*, 559 F.Supp. 2d 1036, 1046 (N.D. Cal. 2007).
[6] *In re Omnivision*, 559 F.Supp. 2d at 1046.
[7] *C.f.*, *In re Quantum Health Resources, Inc., Sec. Litig.*, 962 F.Supp. 1254 (C.D. Cal. 1997).

might result in Plaintiffs not recovering anything at all, particularly in a case involving complicated legal issues such as this one, is a *significant* factor in the award of fees.[8]

## IV. The skill required and the quality of work support the fee request

The prosecution and management of a collective action requires specialized legal skills and expertise which should be considered in setting the fee award.[9] Since this firm was founded, its attorneys have devoted themselves primarily to prosecuting employment law matters. In that time, the firm has litigated a large number of wage and hour actions and is one of the first Arizona firms to devote itself so entirely to a contingent based national employment law practice. This firm's reputation and expertise contributed significantly to the speedy disposition of this matter, in light of Defendant's believable commitment to defend this case through class certification and trial.

Class Counsel submits that their skill and ability were essential to the success of this litigation. Class Counsel developed an extensive factual record in an effort to obtain the evidence needed to convince Defendant of the risks of continued litigation, particularly given Defendant's confidence that the evidence supported an exemption defense.

Moreover, Class Counsel believes that their history of aggressive, successful prosecution of similar cases made credible its commitment to pursue this action through trial and beyond. Only counsel well versed in such litigation and wage and hour law could have effectively marshaled, assembled and presented the evidence within the proper legal

---

[8] *In re Omnivision*, 559 F.Supp.2d at 1047 (emphasis added).
[9] *Johnson v. Georgia Highway Express, Inc*. 488 F.2d at 718.

Motion For Approval of Attorney's Fees　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

framework to produce a fair settlement.[10] In sum, Class Counsel's proven record and reputation further supports the fee request in this case.

## V. Contingent nature of the fee and financial burden on counsel

The Ninth Circuit has recognized that "because payment is contingent upon receiving a favorable result for the class, an attorney should be compensated both for services rendered and for the risk of loss or nonpayment assumed by accepting and prosecuting the case."[11]

From the outset, the prosecution of this case has involved significant financial risks for Class Counsel. Counsel undertook this matter solely on a contingent basis, with no guarantee of recovery of fees or even reimbursement of costs, and no guarantee as to the potential duration of this litigation. While Class Counsel believes that the claims in this case are meritorious, it recognizes the factual and legal challenges involved in complex litigation of this type. This case has involved multiple factual and legal hurdles, making Class Counsel's success all the more contingent.

The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour.[12] A substantial outlay of employee hours, when there is a risk that none of it will be recovered, further supports the award of the requested fees.[13] While attorneys who regularly represent

---

[10] *Johnson*, 488 F.2d at 718.
[11] *In re Quantum*, 962 F.Supp. at 1257; see also 1 Alba Conte, Attorney Fee Awards (3d ed. 2004) § 1.09.
[12] *In re Omnivision*, 559 F.Supp.2d at 1047
[13] *Dell*, 669 F.3d at 642 n. 25.

corporations are routinely paid on an hourly basis, plaintiffs in wage and hour cases can rarely afford representation on an hourly basis, at least not representation by a firm that is well known for achieving good results.

It is for that reason that Phillips Dayes Law Group accepted this action on a wholly contingent basis. In doing so, there was, and is, no guarantee of recovery of fees, or even the reimbursement of litigation costs. Similarly, there is no guarantee as to the potential duration of the litigation. In addition, Class Counsel's commitment to this litigation should not be assessed in a vacuum. The time Class Counsel spent on litigation and the settlement process in this case prevented it from pursuing other work at the same hourly rates reflected in their retention agreement. Indeed, Phillips Dayes devoted over 230 hours to litigating this action against Defendant.

## VI.  Awards made in similar cases

The attorneys' fee award sought by Class Counsel is soundly within the range approved by other district courts in similar cases.[14] Additionally, the Supreme Court has recognized that

---

[14] *See, e.g., In re Bayou Sorrel Class Action*, 6:04-CV-1101, 2006 WL 3230771 (W.D. La. Oct. 31, 2006) *Williams v. MGM-Pathe Comm. Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). *See, e.g., Lucio-Cantu v. Vela*, 239 Fed.Appx. 866, 867-68 (5th Cir. 2007) (upholding award of $51,750 in fees that was over 11 times the plaintiffs' monetary award of $4,697). *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed.Appx. 341, 342 (5th Cir. 2007) (affirming fee award as reasonable from this Court where fees were almost 6 times the damages award);  *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319 (5th Cir. 1995) ($4 million in fees and $500,000 in damages); *Wright v. Blythe-Nelson,* No. Civ.A.3:99CV2522-D, 2004 WL 2870082 (N.D. Tex. Dec. 13, 2004) (fee award six times the amount of damages awarded); *McKenzie v. Cooper, Levins & Pastko, Inc.*, 990 F.2d 1183, 1185 (11th Cir. 1993) ($100,000 fees and $9,000 damages); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $1,181 in overtime compensation and $9,250 in attorneys' fees); *Holyfield v. F.P. Quinn & Co.*, No. 90-c-507, 1991 WL 65928, at *1

the monetary recovery of plaintiffs in FLSA cases does not limit the proper amount of recoverable attorneys' fees.[15] "Given the nature of the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."[16]

## VII. Counsel's costs are reasonable and were incurred to benefit the class

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement."[17] To date, Class Counsel have incurred out-of-pocket expenses totaling $2,637.70, primarily to cover expenses related to legal research, investigation, discovery, travel, and administrative costs such as copying, mailing, and messenger expenses. These out-of-pocket costs were necessary to secure the resolution of this litigation.[18]

---

(N.D. Ill Apr. 22, 1991) (awarding $6,922.25 in fees and costs where the plaintiff obtained a judgment for $921.50); *see also, Howe*, 215 Fed. Appx. At 341 (affirming fee award 6.45 times the amount of damages the prevailing plaintiff recovered after trial); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $18,455 in damages and $100,000 in attorneys' fees); *Johnson.*, 639 F. Supp. 2d at 706-07 (awarding $127,435.10 in overtime pay and liquidated damages to two plaintiffs and $292,041.60 in attorneys' fees);
[15] *Howe* v. *Hoffman-Curtis Partners Ltd., LLP,* 215 Fed. Appx. 341, 342 (5th Cir. 2007).
[16] *Volk v. Gonzalez*, 262 F.3d 528, 535 (5th Cir. 2001)
[17] *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-392, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970)); *see also Rausch*, 2007 WL 671334, at *2 (finding counsel is entitled to reasonable and relevant litigation expenses to be taxed from the common fun in a class action) (citing *In re Media Vision Tech. Sec. Litig.*).
[18] *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-1178 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in a class action litigation).

The kinds of litigation costs incurred by counsel are appropriate for reimbursement in such cases.[19] The costs incurred by Class Counsel in this litigation have been reasonable and appropriate because they were necessary to protect and benefit the class, and are properly considered when evaluating Class Counsel's request.

## VIII. Conclusion

Based on the foregoing class counsel respectfully requests the Court award attorney's fees and costs in the amount of $9,781.12 which represents $2,637.70 in costs and $7,143.42 in fees.

Dated: May 21, 2014                    Respectfully submitted,

                                       PHILLIPS DAYES LAW GROUP, P.C.

                                       By  /s/"Trey" A.R. Dayes III
                                           "Trey" A.R. Dayes III
                                           Email: treyd@phillipslaw.com
                                           Attorney for Plaintiffs

---

[19] *In re United Energy Corp. Sec. Litig.*, 1989 U.S. Dist. LEXIS 19146, *16 (C.D. Cal. Mar. 9, 1989); *Smith v. Krispy Kreme Doughnut Corp.*, 2007 U.S. Dist. LEXIS 2392, *10 (M.D.N.C. Jan. 10, 2007) ("An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved."); 1 Alba Conte, Attorney Fee Awards § 2.08 at 50-51 ("The prevailing view is that expenses are awarded in addition to the fee percentage."); *In re Warner*, 618 F.Supp. 735; *In re GNC Shareholder Litig.*, 668 F.Supp. 450, 452 (W.D. Pa. 1987).

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 21, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Karen Gillen | karen.gillen@usairways.com |
| Robert Siegel | rsiegel@omm.com |
| Michael McGuiness | mmcguinness@omm.com |
| Jillian Weinstein | jweinstein@omm.com |

*Attorney for Defendant*

By  s/Nasser Abujbarah
    Nasser Abujbarah, Paralegal to Trey Dayes