IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baltazar Eduardo Barrera,<br><br>                    Plaintiff,<br><br>v.<br><br>US Airways Group Incorporated, et al.,<br><br>                    Defendants. | No. CV-12-02278-PHX-BSB<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Notice of Filing Consents to Settlement and Motion to Vacate Approval Hearing (Doc. 72), and Plaintiffs' Motion for Approval of Attorney's Fees. (Doc. 73.) For the reasons below, the Court will grant Plaintiffs' Motion for Approval of Collective Action Settlement Agreement (Doc. 69), and Plaintiffs' Motion for Approval of Attorney's Fees (Doc. 73), and will dismiss the matter with prejudice.

**I.      Procedural Background**

On April 18, 2014, Plaintiffs filed a Motion for Approval of Collective Action Settlement Agreement and Dismissal with Prejudice, seeking an order approving the Collective Action Settlement and Release Agreement (the Settlement Agreement) and dismissing this action with prejudice. (Doc. 69.) On May 8, 2014, the Court ordered Plaintiff to file proof that the six Plaintiffs had consented to the Settlement Agreement and a motion addressing the reasonableness of the attorneys' fees requested in the Settlement Agreement. (Doc. 70.)

The Court also scheduled an approval hearing for June 25, 2014 to consider whether the six Plaintiffs had consented to the settlement agreement, but stated that Plaintiffs could move to vacate that hearing upon the filing of proof that the six Plaintiffs had consented to the Settlement Agreement.  (*Id*.)  The Court held Plaintiffs' motion in abeyance pending the filing of the requested materials.[1]  (*Id.*)  On May 21, 2014, Plaintiffs filed a Notice of Filing of Plaintiffs' Consents to Settlement and Motion to Vacate Approval Hearing Scheduled for June 25, 2014.  (Doc. 72.)  Plaintiffs also filed a separate Motion for Approval of Attorney's Fees.  (Doc. 73.)

## II. Motion to Approve Settlement Agreement and Dismiss Claims

As previously set forth in this Court's May 8, 2014 Order (Doc. 70), the FLSA provides that an employee shall receive overtime wages "at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  The FLSA further provides that any employer who violates the overtime wage provision shall be liable to the affected employee in the amount of unpaid overtime wages and an additional equal amount as liquidated damages.  29 U.S.C. § 216(b).  "FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)."  *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

Ordinarily, this Court does not rule on private settlements negotiated between parties.  However, because Plaintiffs filed an FLSA action against Defendant, the parties must seek approval of their stipulated settlement to ensure the enforceability of the Settlement Agreement.  *See Lynn's Food Stores*, 679 F.2d at 1352-53; *Thornton v. Solutionone Cleaning Concepts, Inc*., 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007).  The court "may approve a settlement if it reflects a 'reasonable compromise over

---

[1] The relevant background is set forth in the May 8, 2014 Order and the Court does not reiterate that information in this Order.  (Doc. 70.)

issues.'" *Hand v. Dionex Corp.*, 2007 WL 3383601, at *1 (D. Ariz. Nov.13, 2007) (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

The Court has reviewed the proposed Settlement Agreement (Doc. 69, Settlement Agreement) and related Motion for Approval of Attorney's Fees (Doc. 73), and finds that the Settlement Agreement reflects a fair and reasonable resolution of issues. Defendant has contested liability under the FLSA. (Doc. 69 at 2.) There are genuine disputes as to whether Plaintiffs worked overtime and whether they were exempt employees. (*See* Doc. 21.) The settlement payments directly relate to each Plaintiff's length of employment and hourly wage. (Doc. 69 at 4-5 and Settlement Agreement at 12.) The Settlement Agreement does not appear to be a product of collusion between the parties, nor does it appear to be the result of fraud or overreaching on the part of Defendant. Accordingly, the Settlement Agreement represents "a fair and reasonable compromise of a bona fide dispute under the FLSA." *Prater*, 2008 WL 5140045, at *2; *see Hand*, 2007 WL 3383601, at *1.

Additionally, Plaintiffs have submitted proof that five of the six Plaintiffs specifically consented to the Settlement Agreement and that remaining Plaintiff, Larry Phillips, apparently passed away in early 2014, before the Settlement Agreement was reached. (Doc. 72.) However, on October 8, 2013, Mr. Phillips executed a "Consent to be a Party Plaintiff and Opt-In to Lawsuit," which indicated that by executing the form he agreed to be bound to a settlement of this lawsuit. (Doc. 65, Ex. 1.) Accordingly, there is sufficient proof that the six Plaintiffs have consented to the Settlement Agreement.

### III. Reasonableness of Attorneys' Fees

As contemplated in the Settlement Agreement, and in compliance with the March 8, 2014 Order, Plaintiffs' counsel has filed a motion for attorney's fees and costs in the amount of $9,781.12, which represents $2,637.70 in costs and $7,143.42 in attorneys' fees. (Doc. 73.) This is the amount set forth in the Settlement Agreement. (Doc. 69, Settlement Agreement at 9.)

1. In support of that motion, Plaintiffs' counsel has provided a declaration discussing the time and labor required by counsel, the skill required to perform the legal services, the customary fee charged in this type of case, and the other factors identified in Local Rule 54.2(c)(3) as relevant to the Court's determination of the reasonableness of requested attorneys' fees. *See* LRCiv. 54.2(c)(3). Upon consideration of Plaintiffs' motion and the supporting documentation, the Court concludes that the attorneys' fees and costs requested are "fundamentally fair, adequate, and reasonable." *See Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)).

Accordingly, upon review of the Settlement Agreement, the notice of filing Plaintiffs' consents to settlement (Doc. 72), Plaintiffs' motion for approval of attorney's fees and supporting declaration (Doc. 73), and the record in this matter, the Court approves the Settlement Agreement and grants Plaintiffs' motion for approval of attorney's fees.

Accordingly,

**IT IS ORDERED** that the Motion for Approval of Collective Action Settlement Agreement and Dismissal with Prejudice (Doc. 69) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Approval of Attorney's Fees (Doc. 73) is **GRANTED** and that Court awards Plaintiffs $7,143.42 in attorneys' fees and $2,637.70 in costs to be paid in the manner specified in the Settlement Agreement.

**IT IS FURTHER ORDERED** that the June 25, 2014 approval hearing (Doc. 71) is **VACATED**.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** with prejudice, with each party to bear its fees and costs, except as otherwise provided in this Order and in the Settlement Agreement.

Dated this 23rd day of May, 2014.

_____
Bridget S. Bade
United States Magistrate Judge